**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

EDWARD MOORE, on behalf of          }
himself and all other similarly    }
situated employees                  }
          *Plaintiffs*               }
v.                                   }          CIVIL ACTION NO. H-06-3946
                                     }
SPECIAL DISTRIBUTION SERVICES       }
INC.,                                }
          *Defendant.*               }          Collective Action

**<u>OPINION AND ORDER</u>**

Pending before the court in this Fair Labor Standards Act ("FLSA") case are Defendant Special Distribution Services Inc.'s ("SDS") motion to dismiss (Doc. 6) and Plaintiff Edward Moore's ("Moore") motion for notice to potential class members (Doc. 17).  SDS has not established that its affirmative defense of exemption applies or that its employment relationship with Moore was not subject to the FLSA; accordingly, SDS's motion to dismiss is DENIED.  Moore, on the other hand, has established that other similarly situated employees may exist and  could benefit by joining this lawsuit; accordingly, Moore's motion for notice to potential class members is GRANTED.

I. <u>The allegations in Moore's complaint.</u>

To state a claim under the FLSA, an employee must allege that (1) an employer-employee relationship existed, (2) coverage under the FLSA existed, and (3) a violation of the statutory standards occurred.  <u>See</u> Laurie E. Leader, <u>Wages & Hours: Law and Practice</u>, § 9.03[2].   Here, Moore's complaint alleges these elements. First, Moore claims he was a non-exempt employee of SDS employed to deliver goods in Texas for an hourly wage.  Second, he

claims that his relationship with SDS was subject to the FLSA.
Finally, Moore claims SDS, in violation of Section 207(a) of the
FLSA, forced him and others to work in excess of forty hours per
week without overtime pay.   Moore alleges SDS engaged in this
practice "knowingly, willfully or with reckless disregard. . .
."(Compl. 1.)

II. SDS's motion to dismiss.

When faced with a motion to dismiss for failure to state
a claim, the question is "whether in the light most favorable to
the plaintiff and with every doubt resolved in his behalf, the
complaint states any valid claim for relief."   5A CHARLES A. WRIGHT
& ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990).
The complaint must "contain either direct allegations on every
material point necessary to sustain a recovery. . . or contain
allegations from which an inference fairly may be drawn that
evidence on these material points will be introduced at trial."
Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)
(quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at
156-159). Where a complaint asserts merely conclusory allegations,
these conclusory allegations and unwarranted deductions of fact
are not admitted as true. Guidry v. Bank of LaPlace, 954 F.2d 278,
281 (5th Cir.1992). Also, where a complaint shows on its face that
it is barred by an affirmative defense, a court may dismiss the
action for failing to state a claim. Kaiser Aluminum & Chem. Sales
v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).

SDS's motion to dismiss attempts to trap Moore using two
alternative arguments.  On the one hand, SDS claims Moore is an

exempt employee because he engaged in interstate commerce, thereby subjecting himself to regulation by the Secretary of Transportation.  On the other hand, SDS claims that Moore, if he only engaged in intrastate commerce so as not to be subject to regulation by the Secretary, is not protected by the FLSA. Neither of these arguments have merit.

Judging from the face of Moore's complaint, the exemption for employees subject to regulation by the Secretary of Transportation does not apply to him.   The exemption, contained in 29 U.S.C. § 213(b)(1), applies to drivers engaged in the interstate transportation of goods or people on public highways.  See 49 U.S.C. § 13501. Here, Moore's complaint does not allege that he ever transported goods for SDS outside of Texas.  Moreover, Moore expressly denies ever having done so.

SDS's alternative argument – that the FLSA does not apply to Moore if he engaged in purely intrastate activities – also fails. The FLSA applies both to any employee who himself engages in interstate commerce and to the intrastate employees of enterprises which (1) have other employees engaged interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars. See 29 U.S.C. § 203(s)(1)(A). Here, Moore alleges that SDS satisfies the latter test.  Accordingly, SDS's motion to dismiss must be denied.

IV. Plaintiff's motion for notice to potential class members.

This court, in FSLA cases, adheres to the two stage class certification methodology described in Mooney v. Aramco Services

3

Co., 54 F.3d 1207, 1212 (5th Cir. 1995).  Under this methodology, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." Mooney, at 1213. At the "notice stage," the court examines the pleadings and any affidavits which have been submitted to determine whether notice of the action should be given to potential class members. Id. at 1213-14. "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard[] and typically results in 'conditional certification' of a representative class." Id. at 1214. "If the district court 'conditionally certifies' the class, potential class members are given notice and the opportunity to 'opt-in.'" Id. The second stage is usually precipitated by a motion for "decertification" after discovery is largely complete. Id. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  In determining whether there are other similarly situated individuals justifying notice, the court examines whether there are other employees "who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Moore's motion and affidavit establish that notice and discovery of all potential class members is appropriate.  Moore recounts that at least thirty to fifty other drivers were subjected to similar working conditions at SDS. See Moore

4

Affidavit (Doc. 17 Ex. 1).  This fact alone justifies notice, conditional certification, and discovery.  Additionally, Moore's motion is unopposed pursuant to Local Rules 7.3 and 7.4 because SDS has failed to respond to Moore's motion within 20 days. Accordingly, Moore's motion for notice to potential class members must be granted.

The court has reviewed Moore's proposed notice and finds it adequate except for its reference to having been approved by United States Magistrate Judge Frances Stacy.  The court, therefore, conditionally approves the notice provided it is redrafted to reflect its approval by this court.

V. Conclusion.

For the aforementioned reasons, the court ORDERS that Defendant's motion to dismiss (Doc. 6) is DENIED and Plaintiff's motion for notice to potential class members (Doc. 17) is GRANTED.

SIGNED at Houston, Texas, this 8th day of August, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE